MARGARET BECKENBAUGH, APPELLANT, *v.* THOMAS H. NALLY AND WINNIFRED NALLY, DEFENDANTS.

CHARLES E. APPLEBY, PURCHASER, RESPONDENT.

*Agreement to purchase real estate — what will justify the purchaser in refusing to accept the title.*

Upon the sale of certain property upon the foreclosure of a mortgage, the terms of sale stated that it would be made "subject to a lease of the present upland of said property, to expire May 1, 1884." At the time of the sale a brick building, claimed to be worth about $5,000, was standing upon the upland. By the terms of his lease the tenant was entitled to remove the building. No notice of this right was given at the time of sale.

*Held,* that the buyer was not bound to complete his purchase.

APPEAL from an order made at a Special Term, releasing and discharging Charles E. Appleby from his purchase of certain premises sold under a judgment of foreclosure, and directing the return to him of the money paid by him under the terms of the sale.

*P. & D. Mitchell,* for the appellant.

*Arnold H. Wagner,* for Charles E. Appleby, respondent.

DANIELS, J.:

The purchaser was relieved from his obligation to complete the sale for the reason that a tenant under a lease of a portion of the property was, by the terms of his lease, entitled to remove a brick building situated upon the property. This building is alleged to have been of the value of $5,000, and that it was a substantial brick building. At the time when the sale took place no notice was given of this right of the lessee to remove the building, but in the statement of the terms of sale it was merely stated that it would be made "subject to a lease of the present upland of said property, to expire May 1, 1884." But from this notice of the lease the purchaser at the sale would not be required to infer that the right to remove the building was reserved by its terms. For, as the statement in the notice was made, it was simply of the existence of the lease, without any information concerning any additional or peculiar stipulations or covenants contained in it. And what a.

purchaser with such notice given would infer from its language was that the upland portion of the property was subject merely to the right of the continued occupancy of the tenant until the 1st of May, 1884. That would be the ordinary understanding produced by this statement. Fairness to him should have added that under the lease, in addition to the right of occupancy, the tenant was also secured the right to remove the building, for without that information no suspicion would ordinarily be created that such a right was vested in the tenant. And as the purchaser made his bid under a misapprehension on this subject, and it was a material circumstance affecting the propriety of the bid, it would be inequitable to require him to comply with it after it had been made under this mistake. Fair dealing required that the fact itself should have been stated, and that the purchaser should not have been permitted to make his bid without understanding that this important right had been reserved to the tenant.

The case of *Riggs* v. *Pursell* (66 N. Y., 193) has been relied upon as in conflict with the order from which the appeal has been taken. But that is not its effect. The sale there was of a leasehold interest in premises, and the terms stated the date, time and place of recording the lease, and it was held that the purchaser was chargeable with at least a constructive notice of the contents of the lease at the time when he made his bid. But in the decision of the case it was held that " purchasers are entitled to all the property and title which the referee undertook to sell, and which they rightfully supposed they were to receive." (Id., 198.) This purchaser by completing his purchase would not obtain the premises, as he had reason to believe they were put up for sale, for as they were offered it was the entire property, as it appeared, subject only to the lease of the upland for the period mentioned, while as they were sold they were subject to the additional right of the tenant to remove the building, to which no title could be acquired by the purchaser, and by the exercise of that right the purchaser would be deprived of a part of the property he had reason to believe he was to obtain by means of his purchase, and that under the authority of this case the court could not authorize, neither would justice permit him to be subjected to it. On his part there was a plain mistake as to the property he was to obtain, and on the part of the party selling a

concealment, either accidental or intentional, of the want of title to an important part of the property sold, and the court will not oblige a purchaser to complete his purchase under such circumstances. (*Riggs* v. *Pursell*, 74 N. Y., 370.) He will not be required to accept even a doubtful title. (*Piser* v. *Lockwood*, 30 Hun, 6; *Lockman* v. *Reilley*, 29 id., 434.) And within that rule he certainly cannot be obliged to accept property, to an important part of which he could obtain under the sale no title whatsoever.

It has been urged that as the grade of this portion of the city had not been fixed, that the building would ultimately be required to be removed, and for that reason would be of little value. But this fact, even if it be conceded, will not affect the disposition which should be made of the case, for in any event the purchaser, under the terms of sale, had good reason to believe that he would acquire the building as a part of the property, and he was entitled to all the chances of benefit which might be derived from that circumstance, and having failed to obtain that title he was not bound to take the property.

The order from which the appeal has been taken should be affirmed, with ten dollars costs and disbursements.

DAVIS, P. J., and BRADY, J., concurred.

Order affirmed, with ten dollars costs and disbursements.